IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| ELLISON TECHNOLOGIES, INC., | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 20 C 6404 |
| v. | ) | |
| | ) | Magistrate Judge |
| DYNAMIC MACHINE WORKS LLC, | ) | Maria Valdez |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

This breach of contract action premised on diversity jurisdiction is before the Court on Plaintiff Ellison Technologies, Inc.'s Motion for Partial Summary Judgment [Doc. No. 33]. The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion is granted in part and denied in part.

### FACTS[1]

Plaintiff is a dealer, distributor, and/or servicer of machine tools, which are large machines for making other machines and parts. (platypus ¶ 1.) Plaintiff is incorporated under the laws of the State of Delaware, with its principal place of business in California. (platypus ¶ 2.) Defendant Dynamic Machine Works is an

---

[1] Unless otherwise noted, the following material facts are undisputed or are deemed admitted due to a party's failure to comply with Local Rule 56.1, which this Court strictly enforces.

Ohio limited liability company whose members all reside in and are domiciled in Ohio and are citizens of Ohio. (platypus ¶ 3.)

Defendant executed contracts for the purchase of certain machines ("Machine Contracts") from Plaintiff in July and August 2020. (Platypus ¶ 4.) The Machine Contracts also included the purchase of certain accessories. (Platypus ¶ 5.) On or about August 7, 2020, Defendant agreed to purchase additional accessories from Plaintiff pursuant to the terms of an order contract (the "Accessories Contract"). (Platypus ¶ 6.)

The Accessories were delivered to Defendant in or around July, August, and September 2020. (Platypus ¶ 11.) Defendant agreed to pay for the Accessories within either thirty or sixty days after delivery but has made no payments to Plaintiff. (Platypus ¶¶ 12-13.)

Plaintiff maintains that Defendant has not returned any of the Accessories, but Defendant responds that it is keeping only some of them ("Retained Accessories"). (platypus ¶ 14; Dromedary ¶ 14.) As for the others, Defendant contends that Plaintiff has already repossessed some, and others are ready and waiting to be retrieved by Plaintiff ("Retrieval Accessories"). (Platypus ¶ 14; dromedary ¶ 14.) Defendant submitted an affidavit stating that Plaintiff has been aware since late 2020 that a pallet of Retrieval Accessories is available to be picked up at Defendant's shop. (Dromedary ¶ 14.)

According to Plaintiff asserts that the total amount owed for the Accessories sold to Defendant is $144,775.01, after applying certain discounts, plus a late fee of

$2,171.63 and the costs, including attorneys' fees, incurred in its collection efforts.. (Platypus ¶¶ 8-10, 18; dromedary ¶¶ 8-10.) Plaintiff notified Defendant of the claimed outstanding balance numerous times, but Defendant has not paid the amount. (Platypus ¶¶ 19-20.) Plaintiff has had to pay its suppliers for the Accessories and has not made a profit, as expected, from the contracts for the sale and delivery of the Accessories to Defendant. (Platypus ¶¶ 22-23.) Defendant responds that it owes Plaintiff only for the Retained Accessories, and it disagrees that Plaintiff has applied the correct discount rate for those products. (Dromedary ¶ 14.) According to Defendant, the price of the Retained Accessories totals $56,072.24. (Dromedary ¶ 14.)

The contracts' terms and conditions specify how payment would occur and what would happen in the event of default. Section 5 provides that "Outstanding balances not paid when due will be charged a late fee of 1.5% of the outstanding balance during all or any portion of the month (or the maximum amount permitted by state law), payable on demand… Buyer will pay all of Seller's cost of collection and/or repossession, including reasonable attorneys' fees, in the event Buyer fails to make any payment when due." (Platypus ¶¶ 15-16.) Section 10 provides: "Buyer hereby grants to Seller and Seller hereby retains a continuing purchase money security interest in all Seller Products… If Buyer defaults in its payment obligations under this Order Contract, Seller may declare all amounts owed immediately due and will have the remedies of a secured party under the Uniform Commercial Code, including the right to enter Buyer's premises and remove or

3

disable any of the [Machines] (including via remote disabling of any [Machines]). Buyer agrees to pay Seller's reasonable attorneys' fees and court costs for the collection of any amounts owing to Seller hereunder or incurred in the repossession of the [Machines]." (Platypus ¶ 17.)

## DISCUSSION

### I. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The Court must draw all reasonable inferences in favor of the nonmovant. *Bennington v. Caterpillar Inc.,* 275 F.3d 654, 658 (7th Cir. 2001).

However, once the movant has carried its burden under Rule 56(c), "its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). "The mere existence of an alleged factual dispute is not sufficient to defeat a summary judgment motion . . . [T]he nonmovant will successfully oppose summary judgment only when it presents definite, competent evidence to rebut the motion." *Hanover Ins. Co. v. N. Bldg. Co.,* 751 F.3d 788, 795 (7th Cir. 2014) (citation and internal quotation omitted). Furthermore, courts are "'not required to draw every conceivable inference from the record,'" *United States v. Luce,* 873 F.3d 999, 1005 (7th Cir. 2017) (citation omitted), nor do they "have to scour the record or

4

make a party's argument for it," *Varlen Corp. v. Liberty Mut. Ins. Co.*, 924 F.3d 456, 460 (7th Cir. 2019).

## II. ANALYSIS

The parties agree that Illinois law applies in this case. (*See, e.g.,* Pl's. Mem., Ex. A, at 7) ("The validity and interpretation of this Order Contract will be governed and construed according to the laws of the State of Illinois."); *see also Fednav Int'l Ltd. v. Cont'l Ins. Co.*, 624 F.3d 834, 838 (7th Cir. 2010) ("In a case such as this one, in which federal court jurisdiction is premised on diversity of citizenship, state law applies to substantive issues.").

"Under Illinois law, a plaintiff looking to state a colorable breach of contract claim must allege four elements: '(1) the existence of a valid and enforceable contract; (2) substantial performance by the plaintiff; (3) a breach by the defendant; and (4) resultant damages.'" *Sevugan v. Direct Energy Servs.*, LLC, 931 F.3d 610, 614 (7th Cir. 2019) (citation omitted). The parties do not dispute that there are valid enforceable contracts for the sale of Accessories between the parties and that there was substantial performance by Plaintiff, at least to the extent that it did deliver the Accessories as provided in the Machine Contracts and Accessories Contract.[2]

Plaintiff argues that it is entitled to summary judgment as to the Retained Accessories, because Defendant does not dispute that it has kept those goods and has not paid for them. There is also no dispute as to damages because Plaintiff

---

[2] Defendant has asserted a counterclaim for fraudulent inducement with respect to the Machine Contracts. The motion for partial summary judgment does not address or attempt to resolve the counterclaim. (dolphin ¶ K.)

5

accepts Defendant's $56,072.24 calculation of the value of those goods. (Pl.'s Reply at 3.) Finally, Defendant does not deny that the contract provides for the award of a late fee and costs of collection. Plaintiff's motion is therefore granted as to the Retained Accessories in the amount of $56,072.24, plus late fee and costs of collection, subject to prove-up of those damages.

With respect to the Retrieval Accessories, Plaintiff asserts that it is entitled to summary judgment because, despite any alleged intention to return those goods, Defendant has kept them for more than eight months after delivery. Plaintiff's affidavit establishes only that the Retrieval Accessories have not yet been returned; it does not prove that they were not seasonably and rightfully rejected or that Defendant's possession is in breach. *See House of Brides, Inc. v. Alfred Angelo, Inc.*, 163 F. Supp. 3d 534, 541-42. (N.D. Ill. 2016). The undisputed facts do not describe whether, when, or how any rejection was communicated, nor do they show that Defendant had the contractual obligation to deliver the Retrieval Accessories back to Plaintiff or that instead making them available for pickup was insufficient. Defendant's affidavit describing the events surrounding the initial communication

with Plaintiff about the Retrieval Accessories raises a genuine issue of fact, and thus summary judgment cannot be granted.[3]

## CONCLUSION

For the foregoing reasons, Plaintiff Ellison Technologies, Inc.'s Motion for Partial Summary Judgment [Doc. No. 33] is granted in part and denied in part.

**SO ORDERED.**  **ENTERED:**

*[signature: Maria Valdez]*

**DATE:    June 17, 2021**

                                              **HON. MARIA VALDEZ**
                                              **United States Magistrate Judge**

---

[3] Defendant also argues that because the value of the Retained Accessories is under $75,000, and there is "no actual and substantial controversy" about Plaintiff's right to the value of the Retrieval Accessories, then there is no subject matter jurisdiction. *See* 28 U.S.C. § 1332(a)(1) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States."). The denial of Plaintiff's motion on the Retrieval Accessories does not mean that there is no case or controversy surrounding those goods, which are valued at over $40,000. To the contrary, the Court has determined that the claim must go to a trier of fact, who could find in Plaintiff's favor.